**UNITED STATES COURT OF INTERNATIONAL TRADE**

---------------------------------------------------------------------- X
**VIECURA INC.,**                                              :
                                                               :
      **Plaintiff,**                  :
                                                               :
      *v.*                           :  **Court Nos. 21-cv-00154 & 21-cv-00546**
                                                               :
**UNITED STATES,**                                             :
                                                               :
      **Defendant.**                 :
---------------------------------------------------------------------- X

## PLAINTIFF'S MOTION TO CONSOLIDATE

Pursuant to Rules 7 and 42 of the Rules of the United States Court of International Trade ("USCIT R."), plaintiff, Viecura, Inc. ("Viecura or Plaintiff"), respectfully submits this consent motion to allow plaintiff to consolidate two actions currently pending before the Court, Court Nos. 21-cv-00145 and 21-cv-00546. As noted herein, good cause exists for granting this motion which will further the goal of USCIT R. 1 which is to promote a speedy, just, and inexpensive resolution of cases before the Court.

Both of the actions at issue challenge United States Customs and Border Protection ("CBP" or "Customs")'s denial of plaintiff's protests regarding classification, under the Harmonized Tariff Schedule of the United States ("HTSUS") of plaintiff's imported incontinence fixation pants. In both cases, Customs liquidated the entries under subheading 6108.22.9020, HTSUS as "Women's or girls' slips, petticoats, briefs, panties, night dresses, pajamas, negligees, bathrobes, dressing gowns and similar articles, knitted or crocheted: Of man-made fibers: Other: Other," with a duty rate of 15.6% *ad valorem*, plus a Section 301 duty. Viecura protested the liquidations, asserting that the goods were properly classifiable under subheading 9817.00.96, as "Articles specially designed or adapted for the use or benefit of the

blind or other physically or mentally handicapped person" and assessed duty free. Customs' denial of these protest are at issue in this litigation.

In seeking to combine or otherwise arrange Customs cases for resolution, a litigant is required to provide a reasoned explanation of why a particular course of actions, such as consolidation under USCIT R. 42, is preferable to another method, such as the designation of a test case and suspension of other cases thereunder. *See, e.g., Totes, Inc. v. United States*, 16 C.I.T. 706 (1992); *PEG Bandage, Inc. v. United States*, 16 C.I.T. 319 (1992); *A.T. Clayton & Co. v. United States*, 16 C.I.T. 456 (1992). As noted in Totes, *supra*, "consolidation is preferable when it results in conservation of time and expense for the Court and the parties." Conversely, when consolidation may result in "an unwieldly and chaotic proceeding, the test case/suspension procedure is the preferred mechanism." Among other considerations for the Court are the number of protests and entries involved, the number of ports of entry, and a degree to which discovery, trial preparation, and judicial resources will be strained by the alternative procedures.

In this case, consolidation will avoid any unnecessary costs or delay posed by the court's administration of two separate actions. The Court has, in the past, allowed for consolidation of actions before the Court, with similar circumstances and issues. *See Mitsubishi Electronic, Corp. v. United States*, 898 F.2d 1577, 1581 (Fed. Cir. 1990); and *Fujitsu Gen. Am. Inc. v. United States*, 110 F. Supp.2d 1061, 1064, n.1 (2000) ("Because the two actions essentially 'shared the same legal issues as well as the same basic circumstances,' the Court of International Trade consolidated them sua sponte with the parties' permission."); *Berwick Industries, Inc. v. United States*, 2006 Ct. Intl. Trade LEXIS 42, *7 (March 31, 2006) ("Given the foregoing, and in an effort to adhere to the principles of USCIT Rule 1, the Court will henceforth consider the above numbered actions as if they have been consolidated."). In this case, consolidation is the superior

alternative, because the sole issue in these two cases is the same. Consolidation will prevent the need for the parties to litigate two cases, when the sole classification issue is resolved by this Court.

On March 23, 2023 counsel for plaintiff conferred with Justin R. Miller, counsel for the defendant, regarding this motion. The Government indicated that it consents to the relief requested in this motion, but since a complaint has not been filed in either of the two cases that are subject to the motion, it reserves the right to challenge jurisdiction should an issue arise in respect to the consolidated action. Plaintiff submits that good cause to consolidate the cases has been shown and respectfully request that the Court grant this motion.

        Respectfully submitted,

        NEVILLE PETERSON LLP

        /s/ John M. Peterson
           John M. Peterson
           Patrick B. Klein
           One Exchange Plaza
           55 Broadway, Suite 2602
           New York, NY 10006
           (212) 635-2730
           jpeterson@npwny.com

           Herbert J. Lynch
           Sullivan & Lynch, P.C.
           800 Turnpike Street, Suite 300
           North Andover, MA 01845
           (617) 591-8787
           lynch@s-l.com